IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>          Plaintiff,                                 )<br>                                                              )<br>v.                                                         )        Case No. CR-20-00005-JD-2<br>                                                              )<br>QUENTON DAN SIMMONS,              )<br>                                                              )<br>          Defendant.                            ) | |

## ORDER

Before the Court is Defendant Simmons's ("Simmons") Motion for Early Release of Probation ("Motion"). [Doc. No. 215]. The United States filed a response in opposition to the Motion ("Response") [Doc. No. 217]. No reply was filed by Simmons. For the following reasons, the Court denies the Motion.

Simmons pled guilty to and was convicted of aiding and abetting felony theft within Indian Country. [Doc. Nos. 76, 77, 117]. On July 22, 2020, the Court sentenced Simmons to four years of probation and imposed $745.88 in restitution and a $100 special assessment. [Doc. No. 117]. As part of the terms of his probation, Simmons was required to refrain from any unlawful use of controlled substances and to cooperate in the collection of DNA as directed by his probation officer. [Doc. No. 117]. His probation commenced on July 22, 2020.

Simmons urges the Court to terminate his remaining term of probation and states he has "learned from [his] mistakes and will continue moving forward in a positive direction." He explains that "probation has helped [him] by getting back on the right

path," and that he is now married with two children.

Although the United States recognizes that Simmons "has made progress on supervision and has paid restitution in full," it does not agree that his circumstances warrant early termination of his four-year term of probation primarily because he has not been in total compliance. The government states that Simmons failed to report for a drug screen in February 2023, used marijuana in November 2022, submitted a diluted urinalysis in December 2022, and tested positive for marijuana in November and December 2021.

When a district court is asked to modify a sentence, "it must make individualized determinations based on the applicable statutory criteria rather than rely on a blanket policy." *United States v. Hartley*, 34 F.4th 919, 928–29 (10th Cir. 2022) (explaining that whether to grant a motion for early termination of probation is committed to the sentencing court's discretion). A district court may terminate a term of probation previously ordered and discharge the defendant at any time after expiration of one year of probation if, after considering the factors under 18 U.S.C. § 3553(a) to the extent they are applicable, the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . ." 18 U.S.C. § 3564(c). Stated plainly, "[§] 3564(c) allows a court to terminate probation upon consideration of (1) the applicable 18 U.S.C. § 3553(a) factors, (2) 'the conduct of the defendant,' and (3) 'the interest of justice.'" *Hartley*, 34 F.4th at 930–31.

Turning first to what the Court perceives as the applicable § 3553(a) factors, the offense—aiding and abetting felony theft within Indian Country—involved the theft of

the victim's purse by Simmons and his codefendants and harm to the victim as reflected in her victim impact statement. *See* Second Final PSR [Doc. No. 107] at 8–12. Though restitution has been paid, the four-year probationary sentence imposed was intended to reflect the seriousness of the offense, promote respect for the law, afford deterrence, and provide just punishment for the offense.

The length of the probationary sentence was also intended to reflect Simmons's criminal history and personal characteristics and to deter him and protect the public from further crimes of him. Since his teens, Simmons had struggled with substance abuse and had criminal history involving substance use. Simmons also had positive drug tests and other violations during his pretrial supervision. Thus, the length of the probationary sentence was intended to promote the § 3553(a) factors, while recognizing that it may take Simmons longer to maintain sobriety and become a lawful and contributing member of society.

Simmons has made strides toward becoming a lawful and contributing member of society, and his progress suggests that specific deterrence, protecting the public from further crimes of him, and promoting his respect for the law may not have the same weight that they did on the date of sentencing. However, the factors of reflecting the seriousness of the offense, providing general deterrence, providing just punishment, and holding Simmons accountable given his personal history and characteristics, still remain as purposes to be served by the four-year probationary sentence.

Next, considering whether early termination is warranted by the conduct of the defendant, the Court notes that Simmons has had several compliance issues. Probation

reports that Simmons missed a drug screening, submitted a diluted urinalysis, and tested positive or used marijuana several times while on his four-year term of probation. The Court also recognizes, however, that Simmons has satisfied his financial obligations and has made strides in rebuilding his life since his conviction. Nonetheless, this factor suggests early termination is not warranted.

Finally, the Court considers whether early termination is in the interest of justice. The Court concludes it is not. While it is always encouraging when a person has made positive strides, as Simmons has, and while the Court commends his efforts, the Court finds that early termination would not serve the interest of justice. Specifically, weighing the § 3553(a) factors and Simmons's compliance issues during his probationary sentence, the Court finds that justice is best served by Simmons continuing his probation until its expiration on July 21, 2024.

For the reasons stated above, the Court DENIES Simmons's Motion for Early Release of Probation [Doc. No. 215]. The Court again commends Simmons for the progress he has made during his period of probation so far and encourages him and wishes him success in completing the remaining seven months of his term.

IT IS SO ORDERED this 22nd day of December 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE